AF Approval _*VLD for NMA*_          Chief Approval *gdp*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

     v.                         CASE NO. 6:24-cr-287-CEM-RMN

ERIC PATRICK

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, and the defendant, ERIC PATRICK, and the attorney for the defendant, John Notari, mutually agree as follows:

## A.    Particularized Terms

### 1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Two of the Superseding Indictment. Count Two charges the defendant with attempted coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).

### 2. Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of imprisonment of ten years up to life imprisonment, a maximum fine of $250,000, a term of supervised release of at least five years up to life, and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make

Defendant's Initials _____

restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

3. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

<u>First:</u>     The defendant knowingly persuaded, induced, enticed, or coerced an individual under the age of eighteen (18), to engage in sexual activity, as charged;

<u>Second:</u>     The Defendant used a cell phone, via the Internet, to do so;

<u>Third:</u>     Had the proposed sexual activity occurred with a minor, one or more of the individuals engaging in the sexual activity could have been charged with a criminal offense under the laws of the state of Florida or federal law; and

<u>Fourth:</u>     the Defendant took a substantial step towards committing the offense.

Defendant's Initials ___     2

As charged in the Superseding Indictment, the sexual activity for which the individual could have been charged includes attempted lewd or lascivious battery, in violation of Florida Statute 800.04(4)(a)(2), the production of child pornography, in violation of 18 U.S.C. § 2251(a).

The elements of Florida Statute 800.04(4)(a)(2) are as follows:

First:     Defendant encouraged, forced, or enticed victim to engage in any act involving sexual activity; and

Second:     At the time, victim was less than 16 years of age.

The elements of 18 U.S.C. § 2251(a), are as follows:

First:     An actual minor, that is, a real person who was less than 18 years old, was depicted;

Second:     The defendant used the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct; and

Third:     The visual depiction was mailed or actually transported in interstate or foreign commerce.

4.  <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the defendant, Counts One and Three, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.  <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at

Defendant's Initials _____     3

the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a

Defendant's Initials _____                    4

two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

### 9. Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and

Defendant's Initials _____      5

other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining

Defendant's Initials _____    6

the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11. Cooperation - Responsibilities of Parties

a.      The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.      It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)      The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)      The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in

Defendant's Initials ____            7

the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

Defendant's Initials _____                    8

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.

Defendant's Initials _____          9

In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent

Defendant's Initials _____          10

decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

13. Abandonment of Property

The defendant acknowledges that he has an ownership interest in the following items of property that are in the lawful custody of the United States: Apple Mac Desktop Computer.

Defendant's Initials _____    11

The defendant understands that he has the right and opportunity to claim the listed property. The defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. The defendant waives, releases, and withdraws any claim that the defendant has made with respect to the listed property, and waives and releases any claim that the defendant might otherwise have made to the listed property in the future.

The defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to the defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property, including any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

Defendant's Initials _____        12

14. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts,

Defendant's Initials _____                13

and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background,

Defendant's Initials _____            14

character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank

Defendant's Initials _____    15

records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Defendant's Initials  EP          16

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose

any sentence up to the statutory maximum and expressly waives the right to appeal

defendant's sentence on any ground, including the ground that the Court erred in

determining the applicable guidelines range pursuant to the United States Sentencing

Guidelines, except (a) the ground that the sentence exceeds the defendant's

applicable guidelines range <u>as determined by the Court</u> pursuant to the United States

Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory

maximum penalty; or (c) the ground that the sentence violates the Eighth

Amendment to the Constitution; provided, however, that if the government exercises

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then

the defendant is released from his waiver and may appeal the sentence as authorized

by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the

United States Attorney for the Middle District of Florida and cannot bind other

federal, state, or local prosecuting authorities, although this office will bring

defendant's cooperation, if any, to the attention of other prosecuting officers or

others, if requested.

9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which

Defendant's Initials _____        18

defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

In February 2023, Special Agents with Homeland Security Investigations began an investigation into Eric Patrick (Patrick). The investigation began because of an investigation into Patrick's spouse, Richard Kowalczyk (Kowalczyk). Agents executed a residential search warrant in Orlando, Florida, within the Middle District of Florida and seized electronic devices belonging to both Patrick and Kowalczyk. Those devices included an Apple Mac Desktop computer belonging to Patrick, and an Apple iPhone XS, belonging to Kowalczyk. These devices were not manufactured within the United States. Within Patrick's desktop computer, agents recovered a

Defendant's Initials _____          19

conversation between Patrick and Kowalczyk; this conversation confirmed Patrick's cellular phone number, nickname of EP by Kowalczyk, and romantic relationship.

Within Kowalczyk's iPhone XS, a text conversation between Patrick and Kowalczyk revealed their sexual interest in minors as well as their attempts to entice and coerce minors for their sexual gratification. This conversation occured between approximately November 2019 and March 2021. Their conversation was often graphic and sexual in nature. There were numerous references to "young" and "teen" throughout. There were also instances where they shared sexual images of individuals they met on Grindr, a social media dating application. The conversation also included discussion of seeking "young boys on Grindr" and planning a trip to Key West. The Grindr application utilized the internet to send and receive messages.

In June 2020, Patrick and Kowalczyk planned a trip to Key West, and in early July 2020, Kowalczyk traveled to Key West. Between July 6, 2020, and February 8, 2021, Kowalczyk and Patrick attempted to entice and coerce Victim 1, a 15-year-old minor, to engage in sexually explicit conduct and share sexually explicit images.

On July 6, 2020, through text messages, Kowalczyk shared information for Victim 1, a 15-year-old minor:

| | |
|---|---|
| KOWALCZYK: | Go to that Instagram |
| KOWALCZYK: | Line him up for us |
| KOWALCZYK: | He reminds me of you. 16 |
| KOWALCZYK: | Loves to fuck |
| KOWALCZYK: | Have him send you pix |
| KOWALCZYK: | So hot |
| PATRICK: | He follows me. |

Defendant's Initials ___ 𝒫 ___          20

KOWALCZYK:          Yes I told him to
KOWALCZYK:          He's so hot
KOWALCZYK:          We are going to destroy him
KOWALCZYK:          The pix he sent are so hot

PATRICK:            Show me

KOWALCZYK:          [Sent an image. This image depicts a screenshot of a
                    Grindr chat. This Grindr chat was with user "Fuck?".
                    Within the screenshot there are three smaller images. The
                    images depict a pubescent male between the ages of twelve
                    and fifteen. One image depicts the pubescent male standing
                    wearing no clothing exposing his buttocks to the camera.
                    The second image the pubescent male standing wearing no
                    clothing exposing his penis to the camera. The third image
                    depicts an anus.]

KOWALCZYK:          [Sent an image. This image depicts a screenshot of a Grindr
                    chat. This Grindr chat was with user "Fuck?". Within the
                    screenshot there are three smaller images. The images
                    depict a pubescent male between the ages of twelve and
                    fifteen. One image depicts an anus. The second image
                    depicts a penis. The third image depicts the face of the
                    prepubescent male.]

Kowalczyk and Patrick each engaged in separate conversations with Victim 1

over Grindr, and then shared those conversations with each other, detailing their

sexually exploitive conversation with the minor and discussing their intent to entice

and coerce Victim 1 to engage in sexually activity with them and continue sending

sexually exploitive images. Their messages included requests of Victim 1 for sexual

images, sending Victim 1 sexual images of themselves, and discussing the sex acts

they'd like to engage with him, for the purpose of enticing Victim 1. For example,

Defendant's Initials _____            21

KOWALCZYK:        [Sent an image. This image depicts a screenshot of a
                  Grindr chat. This Grindr chat was with user "Fuck?".

    KOWALCZYK:    Probably Friday

    ★ Fuck:    Youngest is probably my age 16 or 17
        and oldest is around 40

    ★ Fuck:    okay that works

    KOWALCZYK:    Wow

    KOWALCZYK:    That's hot

    ★ Fuck:    Haha yeah

    KOWALCZYK:    Do you top too or just bottom?

    KOWALCZYK:    I'm a top and my bf is vers

    ★ Fuck:    I can do both if you want

    KOWALCZYK:    I'd love you see you fuck my bf while I
        fuck you]

PATRICK:          How old.

KOWALCZYK:        16

KOWALCZYK:        Get online and see if anyone hit you up
KOWALCZYK:        Hit that kid up on insta too. Talk dirty with him. He's so hot

PATRICK:          He just messaged me

KOWALCZYK:        He's going to take some cock tonight too
KOWALCZYK:        He's such a whore
KOWALCZYK:        Reminds me of you when you were 16
KOWALCZYK:        [Sent an image. This image depicts a screenshot of a Grindr
                  chat. This Grindr chat was with user "Fuck?". *This is the
                  conversation that is depicted:*

    ★ Fuck:    I'll ask to see them haha

    KOWALCZYK: Can't wait to record you guys together

    KOWALCZYK: Find any cock tonight?

    ★ Fuck:    Yea I'm waiting later for a dude I think

    KOWALCZYK: Hot

Defendant's Initials  _EP_          22

KOWALCZYK: He going to breed your ass?

★ Fuck:          Yeah haha

★ Fuck:          In the back of his truck while his wife is asleep [two laughing while crying emoji]

KOWALCZYK: Omg that's funny!

KOWALCZYK: He hot?

KOWALCZYK:          Talking to that boy at all?

KOWALCZYK:          Anyone else message you?

PATRICK:          Yeah I am

PATRICK:          Not really. Just got on

PATRICK:          He said he's only in town until next Sunday ☹ I come Monday

...

KOWALCZYK:          You guys exchange any pix yet

PATRICK:          Yeah. He sent his ass and cock

KOWALCZYK:          So hot

KOWALCZYK:          Show him you taking cock

KOWALCZYK:          He lives in North Georgia

KOWALCZYK:          We should get a hotel him

KOWALCZYK:          Fuck all weekend. Whore you both out

PATRICK:          I'd be open to going up there for a weekend.. Getting a room

PATRICK:          Would u really whore us out

KOWALCZYK:          Yes

KOWALCZYK:          Ask him if he would be down for that

KOWALCZYK:          He cum to the room and have a bunch of guys waiting to us you both

PATRICK:          Ok I can ask

PATRICK:          Yea would be hot. Us ass up. You and bunch other tops fucking us both

Defendant's Initials _____          23

PATRICK: [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user " ★ Fuck?". *This is the conversation that is depicted:*

    PATRICK: [line cut off]up my flight. Worse comes to worse Rick said we could get a room for the weekend up by you and just fuck all weekend

    PATRICK: U down for that?

    ★ Fuck: Yeah I mean whenever y'all get a room I'll put it to good use 😊 😊

    ★ Fuck: But yk I'll have to come every night and I can't during the day

    PATRICK: Yeah dud that's cool with us. We don't mind.  😎 we'd deff use your hole. Wouldn't mind you pounding me too

    PATRICK: You like it raw?]

KOWALCZYK: What he say after that
KOWALCZYK: Little teen slut

PATRICK: Btw that kid says he's down for groups. Me and him ass up raw. He wants them to know his age though

KOWALCZYK: You chatting with that boy?
...
PATRICK: Yeah I am
...
KOWALCZYK: You send him any vids?

PATRICK: Yea sent one of the dude spraying his load in my hole then fucking it in
...
KOWALCZYK: That boy said you didn't send him any vids

PATRICK: Like you so much better this way. That's how I met you
PATRICK: I did. They're still sending. Takes so long

Defendant's Initials _EP_              24

KOWALCZYK:        Oh I'm back
KOWALCZYK:        How you sending
KOWALCZYK:        Text?


PATRICK:        [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user " ★ Fuck?". *This is the conversation that is depicted:*

| | |
|---|---|
| PATRICK: | Rick said he wants to get a room up by you. Have us be ass up and he wants to invite a few tops to fuck us both |
| PATRICK: | Would you be down |
| ★ Fuck: | like how many |
| PATRICK: | Idk maybe like 5 dudes? Not sure |
| ★ Fuck: | Sure I mean I would like that |
| ★ Fuck: | will they know my age? |
| PATRICK: | Hot dude. Would definitely love to do that with yiu |

PATRICK:        [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user " ★ Fuck?". *This is the conversation that is depicted:*

| | |
|---|---|
| PATRICK: | You |
| PATRICK: | Idk kdo u want them to |
| PATRICK: | Would be hot. Watching them fill our asses with cum |
| ★ Fuck: | I Kinda want them to be okay that I am 16 and stuff cause sometimes I get scared |
| PATRICK: | Ok yeah. I'm sure rick can tell them. Sure most guys will like that haha |
| PATRICK: | Do u like poppers? |
| ★ Fuck: | I've never use one |
| ★ Fuck: | what do they do] |

Defendant's Initials                 25

PATRICK:            [Sent an image. This image depicts a screenshot of a Grindr chat. This Grindr chat was with user " ★ Fuck?". *This is the conversation that is depicted:*

PATRICK:            That's hot. He have a big cock?

PATRICK:            Do u just sneak out or

★ Fuck:            Yes I sneak out I'm waiting on my family to go to sleep now

★ Fuck:            abs he has like a 6 I'd say

★ Fuck:            Hey and send me the videos of you getting fucked on insta. I'd love to see those

PATRICK:            Hot man. U have any more pics or vids too

★ Fuck:            [Sent an image that appears to be in a bedroom but a majority of the photo is cut from the screenshot.]

On July 7, 2020, and February 8, 2021, the conversation between Kowalczyk and Patrick continued, where they discussed sending and receiving videos from Victim 1.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

12.    <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other

Defendant's Initials ____                26

promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____    27

13.    Certification

The defendant and defendant's counsel certify that this plea agreement has

been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this __12__ day of ~~November~~, ~~2025~~. January 2026

GREGORY W. KEHOE
United States Attorney

_____
Eric Patrick
Defendant

_____
Ilyssa M. Spergel
Assistant United States Attorney

_____
John Notari
Attorney for Defendant

_____
Gregory D. Pizzo
Assistant United States Attorney
Chief, Economic Crimes Section

28

## Part A: Identify Yourself

| | | | |
|---|---|---|---|
| Full Name | Eric Nicholas Patrick | List all other names you have used | |
| Date of Birth | 08/21/94 | | |
| SSN | 375 - 17 - 8001 | | |
| Cell Phone | ( 407 ) 495 - 7634 | Email | ericpatrick.fl@gmail.com |

**1. Housing Information:** ☒ Own/Mortgage  ☐ Rent  ☐ Live with Others

| | | | |
|---|---|---|---|
| Current Address | 1711 Maple Leaf Dr.  Windermere, FL 34786 | Landlord Name | |
| | | Landlord Address | |
| Home Phone | ( ) N/A | | |
| Previous Address | 322 E Central Blvd. #802  Orlando, FL 32801 | Landlord Telephone | ( ) |
| | | List utilities included in rent | |

**2. Are you currently employed?** ☐ Yes: ☐ Full-time or ☐ Part-time  ☒ No

| | | | |
|---|---|---|---|
| Current Occupation | | Gross Annual Salary: $ | |
| | | - or - | |
| Current Employer | Hire Date: | Hourly Wage: $ | |
| | | Average hours per week: | |
| | Company: | | |
| | | Pay Period: | |
| | Address: | ☐ Weekly | |
| | | ☐ Bi-Weekly | |
| | | ☐ Monthly | |
| Previous Occupation | Educator | | |
| Previous Employer | Employment Dates: 2020 to 2024 | Gross Annual Salary: $ 55,000 | |
| | | - or - | |
| | Company: Gotha Middle - OCPS | Hourly Wage: $ | |
| | Address: 2020 Gotha Rd. | Average hours per week: | |
| | Windermere, FL | | |

**3. Have you served in the U.S. Armed Forces?** ☐ Yes  ☒ No

**4. Are you a sole proprietor of any full-time or part-time businesses?** ☐ Yes ☒ No

| Business Name | | Nature of Business | |
|---|---|---|---|
| Address | | How are you paid? ☐ Salary: $ ☐ Draw ☐ Combination | |
| | | Do you use payment apps? ☐ Apple Pay ☐ Zelle ☐ PayPal ☐ Other: | |

**5. Do you own or operate any corporations, partnerships, or LLCs?** ☒ Yes ☐ No

| Business Name | ~~Hospitality~~ Hosp 1 Pro, LLC | Employer Identification Number (EIN) | 39-3848651 |
|---|---|---|---|
| Trade Name (DBA) | Hospitality 1 Pro | Are the business's federal taxes current? ☒ Yes ☐ No | |
| Address | 1711 Maple Leaf Dr. Windermere, FL 34786 | What is your ownership interest? 49% | |
| | | Do you use payment apps? ☐ Apple Pay ☐ Zelle ☐ PayPal ☐ Other: | |
| How are you paid? ☐ Salary: $ ☐ Draw ☒ Combination | | Dividend Payments & Frequency | Varies on performance |

**6. Do you receive any other income from any other business (e.g. shareholder)?** ☐ Yes ☒ No

Explain:

**7. Are your federal taxes current?** ☒ Yes ☐ No

**8. Did you file a federal income tax return last year?**
☒ Yes: ☐ Single ☒ Married, filed Jointly ☐ Married, filed Separately ☐ Head of Household ☐ No

**9. Marital Status:** ☒ Married (provide details below) ☐ Unmarried (single, divorced, widowed)

| Date of Marriage | 02/16/24 | Spouse's Occupation | Business Owner |
|---|---|---|---|
| Spouse's Full Name | Richard Kowalczyk | Company | Hospitality 1 Pro, LLC |
| Spouse's Date of Birth | 02/1/80 | Work Address | 1711 Maple Leaf Dr. |
| Spouse's Cell Phone | ( 407 ) 618 -3453 | | Windermere, FL 34786 |

**10. Do you have any dependent children under the age of 18?** ☒ Yes ☐ No

| Name | Date of Birth | Does the child primarily reside with you? | Dependent's Monthly Income (e.g. child support, gov't assistance) | List any child support in arrears |
|---|---|---|---|---|
| Aspen Kowalczyk | 12/13/24 | ☒ Yes ☐ No | $ 0 | $ 0 |
| | | ☐ Yes ☐ No | $ | $ |
| | | ☐ Yes ☐ No | $ | $ |

## Part B: Assets & Liabilities

| 11. Identify total amount of cash on hand. | $ 2,000 |
|---|---|

**12. Identify all domestic bank accounts that you have signatory authority.**

| | Financial Institution | Name(s) on Account | Account No. | Current Balance |
|---|---|---|---|---|
| Checking Account | Huntington | Eric Patrick | 04186049673 | $ 300 |
| Savings Account | Huntington | Eric Patrick | 0218549400S | $ 448 |
| Other: Checking | Wells Fargo | Eric Patrick / Richard Kowalczyk | W.- 7035978845 Joint- 7977408363 | $ 11,000 300 |
| Other: 5th 3rd Joint Checking | 5th 3rd | Eric Patrick Richard Kowalczyk | 7999713352 | $ 5,200 |
| Other: 5th 3rd Business | 5th 3rd | Eric Patrick Richard Kowalczyk | 7999626075 | $ 14,600 |

**13. Do you or your spouse have any foreign bank accounts?** ☐ Yes ☒ No

| Country | Financial Institution | Name(s) on Account | Account No. | Current Balance |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |

**14. Do you or your spouse maintain a safe deposit box?** ☐ Yes ☒ No

| Name(s) on Account | Financial Institution | Address | Box No. | Contents |
|---|---|---|---|---|
| | | | | |

**15. Do you or your spouse own any securities (e.g. bonds, stocks, mutual funds)?** ☐ Yes ☒ No

| Name(s) on Account | Company | No. of Units/Shares | Current Unit/Stock Price | Current Value |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

**16. Do you or your spouse own any cryptocurrency (e.g. Bitcoin, Ethereum, Ripple)?** ☐ Yes ☒ No

| Public Key | Private Key | Company | Units | Current Value |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |

**17. Do you or your spouse own any U.S. savings bonds?** ☐ Yes ☒ No

| Type of Bond (Series EE or Series I) | Name(s) on Bond | Date Purchased | Current Value |
|---|---|---|---|
| | | | $ |

**18. Do you or your spouse have any retirement accounts (e.g. IRA, 401(k), pension plans) or 529 plans?** ☒ Yes ☐ No

| Name(s) on Account | Company | Account Type | Account No. | Current Balance |
|---|---|---|---|---|
| Eric Patrick, Aspen Kowalczyk | 529 - Utah State | 529 | | $ 2,000.00 |
| | | | | $ |
| | | | | $ |

**19. Do you or your spouse have any life insurance policies?** ☒ Yes ☐ No

| Name(s) on Account | Company | Policy No. | Face Amount | Cash Surrender Value |
|---|---|---|---|---|
| Eric Patrick | State Farm | | $ 100,000 | $ 25,000 |
| Richard Kowalczyk | Boston | | $ 1,250,000 | $ Unknown |
| | | | $ | $ |

**20. Are you or your spouse a judgment creditor?** ☐ Yes ☒ No

| Name of Person/Entity | Address | Case Information | Judgment Amount | Balance Owed |
|---|---|---|---|---|
| | | Court:<br><br>Case No.: | $ | $ |

**21. Are you or your spouse a judgment debtor or currently party to any pending lawsuit?** ☐ Yes ☒ No

| Name of Person/Entity | Address | Case Information | Judgment Amount | Balance Owed |
|---|---|---|---|---|
| | | Court:<br><br>Case No.: | $ | $ |

**22. Does any person or entity owe you or your spouse money (notwithstanding Q.18)?** ☐ Yes ☒ No

| Name of Person/Entity | Address | Type of Loan | Identify Collateral | Loan Amount | Balance Owed |
|---|---|---|---|---|---|
| | | ☐ unsecured<br>☐ secured | | $ | $ |
| | | ☐ unsecured<br>☐ secured | | $ | $ |

**23. Do you or your spouse owe any person or entity money (notwithstanding Q.19)?** ☐ Yes ☒ No

| Name of Person/Entity | Address | Type of Loan | Identify Collateral | Loan Amount | Balance Owed |
|---|---|---|---|---|---|
| | | ☐ unsecured<br>☐ secured | | $ | $ |
| | | ☐ unsecured<br>☐ secured | | $ | $ |

**24. Do you or your spouse have any interest in real estate anywhere in the world?** ☒ Yes ☐ No
Include any real estate currently on the market or under contract.

| Name(s) on Deed | Address | Mortgage Payment | Lienholder | Mortgage Balance | Fair Market Value |
|---|---|---|---|---|---|
| Eric Patrick | Lot, Not # Address Lot 3 - Walloon Lake, MI | $ 400 | Mesc Bank | $ 30,000 | $ 100,000 |
| Richard Kowalczyk | 1711 Maple Leaf Dr. Windermere | $ 3,300 | PHH | $ 330,000 | $ 1,000,000 |
| | | $ | | $ | $ |

**25. Are any of the real estate properties listed above income producing properties?** ☐ Yes ☒ No
If so, provide income statements and/or tax returns for the last 2 years for each rental property.

| Name(s) of Tenant | Address | Total Lease Term | Months Remaining on Lease | Monthly Rental Income |
|---|---|---|---|---|
| | | | | $ |
| | | | | $ |

**26. Do you or your spouse own or have possession of automobiles, motorcycles, boats, aircrafts, recreational vehicles, etc.?** ☒ Yes ☐ No

| Year, Make, and Model | Ownership Interest | Monthly Payment | Lienholder | Lien Balance | Insurance Company |
|---|---|---|---|---|---|
| 2020 Lexus Rx | ☐ Leased<br>☒ Purchased | $ 850 | Bank of America | $ 9,000 | Progressive |
| 2021 Cadillac Escalade | ☐ Leased<br>☒ Purchased | $ 2,000 | Launch Credit Union | $ 25,000 | Progressive |
| 2019 Yamaha Sx | ☐ Leased<br>☒ Purchased | $ 400.00 | Yamaha Finance | $ 12,000 | Progressive |
| | ☐ Leased<br>☐ Purchased | $ | | | |

**27. Have you or your spouse given any gifts, or transferred any real or personal property (including cash) valued at over $500 within the last 3 years?** ☐ Yes ☒ No

| Item Description | To Whom | Date | Value |
|---|---|---|---|
| | | | $ |
| | | | $ |

28. Do you or your spouse own any personal property (e.g. jewelry, art, furniture, gold, collection items, etc.) valued in excess of $500? ☒ Yes ☐ No

| Item Description | Location of Property | Fair Market Value |
|---|---|---|
| Household Furniture | Home | $ 25,000 |
| Tiffany Watch + Rings | Home | $ 8,000 |
| Large Canvas Art, Photography (Dela) | Home | $ 5,000 |
| David Yurman Cross | Home | $ 6,000 |
| | | $ |

29. Do you or your spouse have any credit cards, charge accounts, or lines of credit? ☒ Yes ☐ No

| Account | Credit Limit | Current Balance | Minimum Monthly Payment |
|---|---|---|---|
| United Club - Visa | $ 30,000 | $ 0 | $ 0 |
| Ct. Strata - Mastercard | $ 32,000 | $ 0 | $ 0 |
| Macy's | $ 2,000 | $ 0 | $ 0 |
| Capital One - Visa | $ 4,000 | $ 0 | $ 0 |
| American Express - Husband | $ (Closed) | $ 12,500 | $ 300 |
| Pottery Barn - Husband | $ 5,000 | $ 1,555.00 | $ 150 |

30. Do you use any payment apps (e.g. Apple Pay, Zelle, PayPal, etc.)? ☒ Yes ☐ No

Explain: Zelle

31. Are you a Trustee, Executor, or Administrator? ☐ Yes ☒ No

Explain:

32. Is anyone holding any money on your behalf? ☐ Yes ☒ No

Explain:

33. Do you anticipate receiving any benefits from an established trust, or do you have a contingent or future interest in any property of any kind? ☐ Yes ☒ No

Explain:

## Part C: Calculate Net Monthly Income

## Monthly Income

1. List monthly gross wages, salary, and commissions before all payroll
   deductions. *If not paid monthly, calculate what the monthly wage would be.*
   
   1. $ 14,000.00

2. Estimate and list monthly overtime pay.

   2. $

3.                          Add line 1 + line 2.

   3. $ 14,000.00

4.   **29.  Continued:**                          $ 2400.00

Limit    Balance    Min. Payment

Capital One  Venture - Husband    30,000    22,200    500

Capital One  Platinum - Husband    10,000    6,599    400

Chase Sapline    30,000    26,600    1,000

3,640.00

10,460.00

$ 0

$ -

$ 4,000.00

0. $ 0

11. $ 0

12. $ 0

13. $ 0

14. $ 0

15. $ 0

16. $ 0

17. $ 0

Initials  EP

18. Workers' compensation                                      18.  $ 0
19. Pension. Specify:                                           19.  $ 0
20. Retirement. Specify:                                        20.  $ 0
21. Other income. Specify:                                      21.  $ 0
22. Other income. Specify:                                      22.  $ 0

23. Add all other income. Add lines 7 through 22.              23.  $ 4,000.00

24. Calculate total monthly income. Add line 6 + line 23.     24.  $ 18,000.00

25. Do you anticipate that your average monthly income will increase or decrease by more than 10% within 1 year?
    ☒ No.
    ☐ Yes. Explain:

## Monthly Expenses

26. Mortgage or Rent                                           26.  $ 3,300.00

    *If not included in line 26:*

    26a. Real estate taxes                                     26a. $ Included
    26b. Property, homeowner's, or renter's insurance          26b. $ Included
    26c. Home maintenance, repair, and upkeep expenses         26c. $ 500.00
    26d. Homeowner's association or condominium dues            26d. $ 110.00

27. Additional mortgage payments for residence, home equity loans   27.  $ —

28. Utilities:

    28a. Electricity, heat, natural gas                        28a. $ 450.00
    28b. Water, sewer, garbage collection                      28b. $ 150.00
    28c. Telephone, cell phone, internet, cable, streaming services   28c. $ 600.00
    28d. Other. Specify:                                       28d. $ —

29. Groceries                                                  29.  $ 2,000
30. Housekeeping supplies                                      30.  $ 100.00
31. Childcare and children's education costs                   31.  $ 800.00
32. Clothing, laundry, and dry cleaning                        32.  $ 300.00
33. Personal care products                                     33.  $ 200.00
34. Medical and dental expenses                                34.  $ 350.00

35. **Installment or lease payments:**

    35a. Payment for Vehicle 1                          35a. $ 850.00

    35b. Payment for Vehicle 2                          35b. $ 2000.00

    35c. Other. Specify:                                  35c. $ –

36. **Transportation.** Include gas, maintenance, or bus fare. Do not include car payment.     36. $ 250.00

37. **Entertainment, recreation, clubs, and subscriptions.** Specify:     37. $ –

38. **Charitable contributions, religious donations.** Specify:     38. $ –

39. **Insurance.** Do not include insurance already deducted from your wages (lines 4c and 4d), or included in lines 26 and 43.

    39a. Health Insurance                             39a. $ –

    39b. Life Insurance                               39b. $ –

    39c. Vehicle Insurance                            39c. $ 300.00

    39d. Other. Specify:                                39d. $ –

    39e. Other. Specify:                                39e. $ –

40. **Taxes.** Do not include taxes already deducted from your wages (line 4a) or included in lines 26 and 43.     40. $ –

41. **Payments of alimony and child support.** Do not include payments already deducted from your wages (lines 4e through 4g).     41. $ –

42. **Payments of support to others who do not live with you.** Specify: Husband's Mother     42. $ 3,500.00

43. **Leasehold expenses:**

    43a. Mortgages on other property                     43a. $ 400.00

    43b. Real estate taxes                           43b. $ 200.00

    43c. Property, homeowner's, or renter's insurance     43c. $ –

    43d. Maintenance, repair, or upkeep expenses     43d. $ –

    43e. Homeowner's association or condominium dues     43e. $ 200.00

44. **Other.** Specify:     44. $ –

45. **Other.** Specify:     45. $ –

46. **Other.** Specify:     46. $ –

47. **Calculate your monthly expenses.** Add lines 26 through 46.     47. $ 16,560.00

48. Explain any unusual, recurring monthly expenses you have for yourself or any dependent:

Initials _EP_

49. Do you anticipate that your average monthly expenses will increase or decrease by more than 10% within 1 year?

    ☒ No.

    ☐ Yes. Explain:

## Net Monthly Income

50. Copy your monthly income from line 24.           $ 18,000

51. Copy your monthly expenses from line 47.           $ 16,560

52. **Calculate your monthly net income.** Subtract line 51 from line 50.    $ 1,440

## Part D: Signature Required

I declare under penalty of perjury that the information provided is true, correct, and complete. I understand that making a false statement or concealing property can result in five (5) years imprisonment and/or a fine of not more than $250,000 under 18 U.S.C. § 1001.

_Eric Patrick_           _01/12/26_

(Signature) Debtor           Date

                        _1-12-26_

(Signature) Attorney for Debtor    Date

Return to:
U.S. Attorney's Office
Attn: Financial Litigation Unit
400 North Tampa Street, Ste. 3200
Tampa, FL 33602

## Individual Declaration as to Payment of
## Special Assessment Upon Conviction

I, Erik Patrick, a defendant in Case No. 6:24-cr-287-CEM-RMN, hereby acknowledge that, in accordance with 18 U.S.C. § 3013(a), upon sentencing I will owe the following amount:

**For Felony Offenses Committed before April 24, 1996:**
Felony count:        $50 x _____ counts = $_____
**For Felony Offenses Committed On or After April 24, 1996:**
Felony count:        $100 x ___ counts = $_____

**For Misdemeanors, Regardless of Date of Offense:**
Class A Misdemeanor count: $25 x _____ counts = $_____
Class B Misdemeanor count: $10 x _____ counts = $_____
Class C Misdemeanor count or infraction: $5 x _____ counts = $_____

**Total Special Assessment Due:** $_____

**Please check <u>one</u> of the following paragraphs and fill in the blanks as appropriate.**

_____ I hereby tender a cashier's check, certified check or money order made payable to the Clerk, United States District Court, in the amount of $_____. Payment is for full or partial satisfaction of the special assessment imposed upon me and is being delivered to the Clerk's Office of the Tampa Division, with a copy of this document.

_____ I am temporarily unable to pay the special assessment but will pay the same in full on or before the date of sentencing by tendering a cashier's check, certified check or money order made payable to the Clerk, United States District Court, in the amount of $_____ and delivering it to the Clerk of Court of the Tampa Division, with a copy of this document.

_____ As reflected in the sworn financial statement submitted herewith, I am unable to pay the special assessment now and in the foreseeable future.

_____1|12|26_____                          _Erik Patrick_____
Date                                              Erik Patrick

United States v. Eric Patrick
Case No.: 6:24-cr-287-CEM-RMN

<u>Acknowledgment of Plea Offer</u>

I, Erik Patrick acknowledge that I have received the Plea Agreement sent on November 24th, 2025, that I have fully discussed it with my attorney, and that I reject it.

Dated: _____

                                            _____
                                            Erik Patrick
                                            Defendant


                                            _____
                                            John Christopher Notari
                                            Counsel for Defendant